IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. GERHART,  :  Plaintiff,  :  :  v.  :  :  JO ANNE B. BARNHART,  :  Commissioner of Social Security  :  Defendant  :  : | CIVIL ACTION NO. 04-2620 |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                               **December 14, 2005**

      Plaintiff David E. Gerhart ("Gerhart") brings this action under 42 U.S.C. § 405(g) seeking reversal of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

      Presently before the Court are the parties' cross-motions for summary judgment. The Court referred this matter to United States Magistrate Judge Peter B. Scuderi, who issued a report and recommendation ("R&R") recommending that this Court deny Gerhart's motion, grant the Commissioner's motion, and affirm the final decision of the Commissioner. Gerhart filed objections to the R&R, to which the Commissioner filed a response. Upon careful and independent consideration of the administrative record, the R&R, and the parties' objections and responses thereto, the Court will approve and adopt the R&R in part, deny the cross-motions for summary judgment, and remand to the Commissioner for further proceedings, consistent with this Opinion.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following factual background and procedural history is derived from the clear and concise recitation of facts and procedural history in the R&R and supplemented from the 875-page administrative record.

A.     **Procedural History**

Gerhart was born on November 15, 1958.  He is married with three children.  From 1980 to 1988, he was employed as a heat treater, an unskilled position involving heavy work.[1]  On February 17, 1988, at the age of twenty-nine years, Gerhart injured his back while lifting a bucket of bolts at work.  After a few months of attempting light work, he underwent back surgery in June 1988 and never returned to work thereafter.

On July 7, 1998, Gerhart filed his application for DIB for the closed period from March 1, 1993 (his alleged disability onset date) through June 30, 1994 (his date last insured for DIB purposes).[2]  The Social Security Administration ("SSA") denied his application outright and on reconsideration.  At Gerhart's request, a hearing was held before an administrative law judge ("ALJ") on July 29, 1999.  At the hearing, Gerhart claimed for the first time that he deserved DIB due to mental impairment.  Consequently, the ALJ remanded Gerhart's case for a new determination regarding Gerhart's mental condition.

Upon remand, the SSA denied Gerhart's DIB application.  On November 8, 2000,

---

[1] According to Gerhart, he performed the following duties as a heat treater: "Loaded metal part [sic] into baskets, assembled them into batch loads (up to 3,000 lbs) and moved them into furnaces (not automated).  Operated overhead crane, hoists, and forklift trucks to perform the job. . . .  Following furnace treatment, I unloaded parts.  Assembly line type work."  (R. at 243.)  He would sometimes move baskets of metal parts weighing up to seventy-five pounds.  (R. at 495.)

[2] Gerhart originally alleged a disability onset date of June 7, 1988, but subsequently amended that date to March 1, 1993.  (R. at 28, 45.)

at Gerhart's request, a second hearing was held before the ALJ. The ALJ issued a decision on January 8, 2001, denying Gerhart's application. Gerhart sought review by the Appeals Council, which remanded the case to the ALJ for further review. In turn, the ALJ held a supplemental hearing on May 13, 2003.

On September 8, 2003, the ALJ issued a written opinion denying Gerhart's DIB application. The ALJ's decision applied the statutorily-prescribed five-step sequential analysis for evaluating disability claims and found that Gerhart's claim failed at step five.[3] The Appeals Council denied Gerhart's request for further review on April 16, 2004. Therefore, consistent with the Appeals Council's notice of denial, the ALJ's decision of September 8, 2003 is the final decision of the Commissioner.

**B.     Medical Evidence**

Since Gerhart's injury in 1988, a number of medical experts have treated, examined, and operated on him. The opinions and records of those experts span over 600 pages

---

[3] The five steps are as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, then the Commissioner considers in the second step whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of the impairment listed in the "listing of impairments," which result in a presumption of disability, or whether the claimant retains the capacity for work. If the impairment does not meet criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the residual functional capacity to perform his past work. If the claimant cannot perform his past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform.

Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000); see 20 C.F.R. § 404.1520(b)-(f) (2005). Reaching step five, the ALJ concluded: "In light of the vocational expert's testimony, and considering the record as a whole . . . [Gerhart] was able to work jobs which existed in significant numbers in the national economy at all times relevant to this decision, and, therefore, is not disabled within the meaning of the Social Security Act." (R. at 23.)

of the administrative record.  For purposes of the instant matter, the Court adopts the recitation of the medical evidence in the R&R.

In addition to the medical evidence summarized in the R&R, in 2003 two of the physicians who treated and/or examined Gerhart submitted reports to the SSA regarding Gerhart's disability prior to his date last insured.  Dr. Ronald Frank, Gerhart's family physician, completed an "Ability to Do Work Related Activities Questionnaire" on March 23, 2003.[4]  Dr. Barry A. Silver, an orthopedic specialist, completed a "Lumbar Spine Medical Source Statement of Functional Abilities and Limitations" on May 13, 2005.[5]  Both reports answered specific questions posed by the SSA "with respect to patient's abilities and limitations prior to June 30, 1994 [Gerhart's date last insured]."[6]

### C.   Subjective Testimony

In addition to the objective medical evidence presented to the ALJ, Gerhart and his wife provided testimony regarding his subjective symptoms.  Gerhart testified that his injury and the resultant pain required surgery and, even after the surgery, he experienced "horrific" pain along with numbing and burning sensations in his back and side.  He claimed this pain forces him to lie down most of the day, and that the pain medications he takes to alleviate the pain make him drowsy.  He also stated that he has taken various anti-depressants, which were prescribed by Dr. Frank and the staff of a mental health clinic he visited for approximately one and a half years beginning in 1999.  Gerhart offered that he receives significant assistance from his mother, wife,

---

[4] (R. at 683-86.)

[5] (R. at 861-69.)

[6] (R. at 683, 681.)

and mother-in-law.

Gerhart's wife provided additional testimony supporting Gerhart's alleged pain and limitations and corroborating the assistance provided by his family.

## II.    STANDARD OF REVIEW

The Social Security Act provides for judicial review of any "final decision of the Commissioner of Social Security" in a disability proceeding.[7] The Court may enter judgment "affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[8] However, the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive."[9] Accordingly, the Court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact."[10]

Substantial evidence has been defined as "more than a mere scintilla" but less than a preponderance of the evidence, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] That standard is "deferential and includes deference to inferences drawn from facts if they, in turn, are supported by substantial evidence."[12]

---

[7] 42 U.S.C. § 405(g).

[8] Id.

[9] Id.

[10] Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001).

[11] Richardson v. Perales, 402 U.S. 389, 401 (1971); Jesurum v. Sec'y of the United States Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995).

[12] Schaudeck v. Comm'r of S.S.A., 181 F.3d 429, 431 (3d Cir. 1999).

**III.     DISCUSSION**

Gerhart lodges two specific objections to the R&R.  First, Gerhart argues that the Magistrate Judge improperly evaluated the medical evidence by substituting his own analysis to explain the ALJ's apparent rejection of reports by two physicians.  Second, Gerhart that argues the Magistrate Judge improperly evaluated the subjective testimony by excusing the ALJ's failure to mention the testimony of Gerhart's wife.  Before addressing these objections, the Court briefly considers the portion of the R&R that was not objected to.

**A.     Evaluation of Gerhart's Mental Impairment**

The R&R finds that the ALJ's evaluation of Gerhart's mental impairment was supported by substantial evidence, and Gerhart does not object to this finding.  The Court agrees with the R&R.  Gerhart presented no medical evidence of his mental condition.  In fact, he never sought professional mental health care during the closed period of disability.  Therefore, this Court will approve and adopt the R&R with respect to the ALJ's evaluation of Gerhart's mental impairment.

**B.     Evaluation of the Medical Evidence**

In evaluating the conflicting medical evidence, the ALJ failed to mention the 2003 reports of Dr. Frank and Dr. Silver, which opined that Gerhart had limitations that precluded him from working during the relevant period of disability.  The R&R concludes that the ALJ's failure to mention the reports was not "problematic" for a variety of reasons.[13]  Gerhart objects to the

---

[13] Those reasons are as follows: (1) the reports of Dr. Frank and Dr. Silver were authored eight years after Gerhart's date last insured; (2) the ALJ did evaluate Dr. Frank's earlier opinions; (3) Dr. Silver was an examining—not a treating—physician; and (4) the reports of Dr. Frank and Dr. Silver were not supported by the

R&R on the ground that the Magistrate Judge improperly substituted his own independent analysis where the ALJ had provided none.

"Where there is *conflicting probative evidence* in the record," the Third Circuit has "recognize[d] an acute need for an explanation of the reasoning behind the ALJ's conclusions" and indicated it "will vacate or remand a case where such an explanation is not provided."[14]  Thus, although the ALJ is accorded wide latitude to weigh the credibility of evidence presented by treating physicians, "he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence."[15]  This rule facilitates meaningful judicial review of ALJ decisions: a federal court cannot determine if an ALJ's findings were supported by substantial evidence when it does not know whether the ALJ "considered and rejected [contrary findings], considered and discounted them, or failed to consider them at all."[16]

Furthermore, in Fargnoli v. Massanari, the Third Circuit held that a federal court may not substitute its own independent analysis to remedy an ALJ's failure to explain her rejection of conflicting medical evidence.  Such substitution by a federal court "runs contrary to the teaching of SEC v. Chenery Corporation . . . that '[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.'"[17]

---

medical evidence of record.  See R&R at 15-16.

[14] Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (relying on Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981) (collecting cases in which the court remanded because of an ALJ's failure to provide such an explanation)) (emphasis added).

[15] Id. at 43.

[16] Id. at 43-44.

[17] Id. at 44 n.7 (quoting SEC v. Chenery Corp., 318 U.S. 80, 87 (1943)).

This Court applied Fargnoli in Thompson v. Barnhart.[18]  There, the magistrate judge's report and recommendation relied on "characterizations and conclusion[s]" that did not appear in the ALJ decision to find that the ALJ adequately addressed an examining physician's views.[19]  The ALJ decision, however, had not squarely addressed the examining physician's opinion.  The Court held, based on Fargnoli, that the "Magistrate Judge undertook an independent analysis of the administrative record rather than focusing only on the reasons set forth by the ALJ. . . . As such, it [was] impermissible for [the Court] to rectify ALJ errors by making an independent analysis and relying on information not relied upon by the ALJ."[20]  The Court thus remanded so that the ALJ could adequately assess the treating physician's opinion.[21]

Applying Fargnoli and Thompson here, the Court rejects the R&R's treatment of the ALJ's evaluation of the medical evidence.  The Magistrate Judge finds that the ALJ omitted discussion of the 2003 reports by Dr. Frank and Dr. Silver, but excuses the ALJ's omission by finding that the 2003 reports are not "relevant and probative" because they were authored after the date last insured.  However, both of the 2003 reports retrospectively assess Gerhart's abilities and limitations prior to his date last insured,[22] and the Third Circuit has recognized that retrospective assessments are relevant to determining an earlier disability.[23]  It is not proper for

---

[18] 281 F. Supp. 2d 770 (E.D. Pa. 2003).

[19] Id. at 775-76.

[20] Id. at 776.

[21] Id. at 777.

[22] (R. at 684, 862.)

[23] See Newell v. Comm'r of S.S.A., 347 F.3d 541, 547 (3d Cir. 2003) ("Retrospective diagnosis of an impairment, even if uncorroborated by contemporaneous medical records, but corroborated by lay evidence relating back to the claimed period of disability, can support a finding of past impairment.")

this Court to supplant the role of the ALJ in evaluating conflicting medical evidence.

Furthermore, the Commissioner's responses to Gerhart's objection are unpersuasive. First, the Commissioner argues that Fargnoli was based on an incorrect reading of Chenery. That argument ignores the simple fact that this Court is without authority to entertain attacks on binding Third Circuit precedent. Second, the Commissioner argues the passage of Fargnoli upon which Gerhart relies is dicta. The Court disagrees: not only did the Fargnoli Court expressly order remand because the district court improperly substituted its analysis for that of the ALJ, this Court has already treated Fargnoli as controlling precedent in Thompson. Third, and finally, the Commissioner argues an ALJ need not reference every treatment note or report to reach her decision. In support, the Commissioner cites precedent from other jurisdictions and not-precedential opinions of the Third Circuit.[24] Putting aside the obvious fact that those cases are not binding on this Court,[25] the cases cited by the Commissioner do not conflict with Fargnoli. They stand for the unremarkable proposition that an ALJ need not mention every piece of evidence in the record, particularly evidence that is not relevant or probative. However, as cases like Fargnoli and Cotter make clear, an ALJ must address all "relevant and probative" evidence, particularly conflicting evidence by the claimant's treating physicians.

Therefore, the Court sustains Gerhart's objection and declines to adopt the R&R

---

[24] See Def.'s Resp. to Pl.'s Objections (citing Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995); Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993); Rush v. Barnhart, 45 Fed. Appx. 191 (3d Cir. Aug. 15, 2002) (unpublished, not-precedential opinion); Beatty v. Barnhart, 112 Fed. Appx. 163 (3d Cir. Oct. 13, 2004) (unpublished, not-precedential opinion); Vitatoe v. Barnhart, 96 Fed. Appx. 821 (3d Cir. Apr. 26, 2004) (unpublished, not-precedential opinion)). Some of the cases cited by the Commissioner do not support the rule it urges upon the Court. See, e.g., Beatty, 112 Fed. Appx. at 165 (invoking the familiar rule that an ALJ "cannot reject evidence for no reason or for the wrong reason").

[25] See Third Circuit Internal Operating Procedure 5.7 (not-precedential opinions are not treated as binding authority).

on this issue.  Instead, the Court will remand this matter to the ALJ to re-evaluate the medical evidence and to provide appropriate explanations for accepting or rejecting all "relevant and probative" medical evidence, including the 2003 reports of Dr. Frank and Dr. Silver.

### C. Evaluation of Gerhart's Residual Functional Capacity

The R&R finds that the ALJ's evaluation of Gerhart's residual functional capacity ("RFC") was supported by substantial evidence.  Although Gerhart does not object to this finding, the Court declines to adopt the R&R on this issue in light of its decision to remand with respect to the evaluation of the medical evidence.

At the supplemental administrative hearing before the ALJ, the vocational expert ("VE") testified that Gerhart would be unable to perform other work in the national economy if the ALJ credited Dr. Frank's 2003 report.[26]  Since the ALJ failed to mention Dr. Frank's report, as previously discussed, this Court cannot determine what weight, if any, the ALJ accorded such report in evaluating Gerhart's RFC.  As the Court cannot meaningfully review whether the ALJ's evaluation of Gerhart's RFC is supported by substantial evidence, the Court will remand the matter to the ALJ to re-evaluate Gerhart's RFC in light of all relevant and probative evidence, including Dr. Frank's 2003 report.

### D. Evaluation of the Subjective Testimony

The ALJ's evaluation of the subjective testimony failed to discuss the testimony of Gerhart's wife.  The R&R agreed with the Commissioner that the ALJ's failure to discuss Gerhart's wife's testimony was "harmless" because the testimony merely duplicated and corroborated Gerhart's own subjective testimony.  Gerhart objects to the Magistrate Judge's

---

[26] (R. at 131.)

conclusion on the ground that it violates clearly established Third Circuit precedent. The Third Circuit, in <u>Burnett v. Commissioner</u> rejected the very argument now pressed by the Commissioner and accepted by the Magistrate Judge.[27]   In <u>Burnett</u>, the ALJ's evaluation of the subjective testimony failed to mention testimony of the claimant's husband and neighbor. The <u>Burnett</u> Court stated:

> On appeal, the Commissioner contend[ed] that the ALJ did not need to mention their testimony because it "added nothing more than stating [Burnett's] testimony was truthful." This argument lacks merit because the ALJ made a credibility determination regarding Burnett, and these witnesses were there to bolster her credibility. In <u>Van Horn</u>, we stated we expect the ALJ to address the testimony of such additional witnesses.[28]

Accordingly, the Third Circuit remanded with instructions for the ALJ to address the testimony of the claimant's husband and neighbor.

Since the instant case is indistinguishable from <u>Burnett</u>, the Court agrees with Gerhart that the ALJ's failure to address Mrs. Gerhart's testimony requires remand. While it may be that Mrs. Gerhart's testimony factually mirrors her husband's testimony, it may also be that Mrs. Gerhart's testimony sufficiently bolsters her husband's credibility so as to affect the ALJ's overall evaluation of the subjective evidence. Whatever the case, the ALJ is obligated to address Mrs. Gerhart's testimony, and therefore the Court will remand so that the ALJ can satisfy this obligation.

IV.   **CONCLUSION**

---

[27] 220 F.3d 112, 122 (3d Cir. 2000).

[28] <u>Id.</u> (citing <u>Van Horn v. Schweiker</u>, 717 F.2d 871, 873 (3d Cir. 1983).

For the reasons stated above, the Court denies Gerhart and the Commissioner's cross-motions for summary judgment and declines to approve the R&R in its entirety. Instead, the Court will remand to the Commissioner for further action in accordance with this Memorandum Opinion.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID E. GERHART,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | CIVIL ACTION |
| : | NO. 04-2620 |
| **JO ANNE B. BARNHART,** : | |
| **Commissioner of Social Security** : | |
|     **Defendant** : | |
| : | |

**ORDER**

**AND NOW**, this 14th day of December, 2005, upon review of the administrative record, Plaintiff's Motion for Summary Judgment [Doc. # 11], Defendant's Motion for Summary Judgment [Doc. # 14], and the Report and Recommendation of Magistrate Judge Peter B. Scuderi [Doc. #19], and for the reasons set forth in the attached Memorandum Opinion, the Court hereby **ORDERS** the following:

    1.    The Report and Recommendation is **APPROVED AND ADOPTED** with respect to its recitation of the factual and procedural history underlying this matter and the ALJ's evaluation of Gerhart's mental impairment;

    2.    The Report and Recommendation is **NOT APPROVED AND ADOPTED** with respect to the ALJ's evaluation of the medical evidence, Gerhart's residual functional capacity, and the subjective testimony;

    4.    Plaintiff's Motion for Summary Judgment is **DENIED**;

    4.    Defendant's Motion for Summary Judgment is **DENIED**;

    5.    This matter is **REMANDED** to the Commissioner for further action in accordance with the attached Memorandum Opinion. Specifically, the case is remanded so that the

Commissioner may:

        a.      Re-evaluate the medical evidence;

        b.      Re-evaluate Gerhart's residual functional capacity; and

        b.      Re-evaluate the subjective evidence.

The Clerk of the Court is **DIRECTED** to **CLOSE** this case for administrative purposes.

It is so **ORDERED**.

                                        **BY THE COURT:**

                                        _____

                                        **CYNTHIA M. RUFE, J.**